1

**Robbie Powelson**
Phone: Phone: 415-847-7500
Email: Robbiepowelson@gmail.com
Mailing Address: 1001 Bridgeway, #611, Sausalito CA 94965

2

3



F I L E D

MAR 23 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4

UNITED STATES COURT

5

DISTRICT OF NORTHERN CALIFORNIA

6

Robert Powelson

7

       Plaintiff,

8

vs.

9

SAUSALITO POLICE DEPARTMENT, CITY OF
SAUSALITO, BRIAN MATHES, THOMAS
GEORGES, BRYCE MITCHELL, NICK WHITE, SEAN
SMGALSKI, DAVIN ROSE, STACIE GREGORY,
JOHN ROHRBACHER, UNITED STATES ARMY
CORPS OF ENGINEERS, MARTY PLISCH

10

11

12



13

       Defendant

14

Case No.: **C23-01360**

COMPLAINT FOR DECLARATORY AND
COMPENSATORY RELIEF

VIOLATIONS UNDER 42 USC § 1983 §1985 FOR
FIRST AMENDMANT RETALIATION, FALSE
ARREST, EXCESSIVE FORCE, AND MALICOUS
PROSECUTION

VIOLATIONS UNDER 28 U.S. CODE § 1346 FOR
NEGLIGENCE

JURY TRIAL DEMANDED

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983
§1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS
PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346 FOR NEGLIGENCE - 1

## Table of Contents

*Parties*.................................................................................................................*4*

    **Plaintiff: Robert "Robbie" Powelson.** ........................................................ 4

    **Defendant City of Sausalito** .......................................................................... 4

    **Defendant Sausalito Police Department**...................................................... 4

    **Defendant Corporal Brian Mathers** ........................................................... 5

    **Defendant Sergeant Thomas Georges** ........................................................ 5

    **Defendant Corporal Nick White** ................................................................. 5

    **Defendant Officer Sean Smgalski**................................................................ 5

    **Defendant Officer Bryce Mitchell** .............................................................. 5

    **Defendant Officer Davin Rose**..................................................................... 6

    **Defendant Lieutenant Stacie Gregory**........................................................ 6

    **Defendant Chief John Rohrbacher** ............................................................ 6

    **Defendant United States Army Corps of Engineers "USACE"**................ 6

    **Defendant USACE Supervisor Marty Plisch** ............................................ 6

*Jurisdiction, Venue, and Intradistrict Assignment* ............................................. 7

*Statement of Facts* ................................................................................................ 7

    *First Cause of Action 28 U.S. Code § 1346  (Negligence) Against Marty Plisch,*

*United States Army Corps of Engineers. (Individual and official Capacity)*............................ *10*

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 2

*Second Cause of Action False Arrest (42 USC § 1983 §1985 4ᵗʰ Amendment)*

*(Against Sergeant Steven Vereios, Lieutenant Stacie Gregory, Captain Bill Fraass, DOES 1-*

*10, In Individual and Official Capacities) ................................................................................ 12*

*Third Cause Of Action: 42 USC § 1983 §1985 First Amendment Retaliation*

*(Against Steven Vereios, Stacie Gregory, Bill Fraass Individual and Official Capacities)...... 14*

*Fourth Cause of Action [42 USC 1983 4ᵗʰ Amendment Malicious Prosecution]*

*( Against Defendants Brian Mather and Bryce Mitchell].......................................................... 14*

*Fifth Cause of Cause of Action [42 USC §1983 §1985 First Amendment*

*Retaliation] (Against Defendants Brian Mathers and Bryce Mitchell].................................... 16*

*Sixth Cause of Action [Violation 42 USC 1983 4th Amendment Unlawful*

*Seizure, False Arrest, and Excessive Force] (Against Thomas Georges, Nick White, Sean*

*Smgalski]............................................................................................................................... 16*

*Seventh Cause of Action 42 USC § 1983 §1985 First Amendment Retaliation*

*(Against Thomas Georges, Sean Smgalski, Nick White, Bryce Mitchell, Brian Mathers, DOES*

*1-10)....................................................................................................................................... 18*

*Eighth Cause of Action March 15th [42 USC § 1983 First Amendment*

*Retaliation (Against Davin Rose)........................................................................................... 19*

*Ninth Cause of Action March 15th 42 USC 1983 4ᵗʰ Amendment Excessive*

*Force Against Davin Rose]..................................................................................................... 19*

*Prayer For Relief................................................................................................................... 20*

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 3

*Verification* ......................................................................................................... *20*

## Parties

### Plaintiff: Robert "Robbie" Powelson.

Robbie Powelson is a natural person. For the past three years, Powelson has at different times be

political activist, protest organizer, plaintiff against Defendants City of Sausalito, and a resident of

Sausalito. Due to retaliation to his first amendment activities, Plaintiff has been battered, falsely

arrested, and maliciously by defendants.

**Phone: Phone: 415-847-7500**

**Email: Robbiepowelson@gmail.com**

**Mailing Address: 1001 Bridgeway, #611, Sausalito CA** 94965

### Defendant Sausalito Police Department

Defendant is the police department for the City of Sausalito.

Mailing Address: 29 Caledonia Street, Sausalito CA, 94965

### Defendant City of Sausalito

Defendant is a municipal corporation located in Marin County, California.

Mailing Address: 420 Litho Street, Sausalito CA, 94965

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 4

1

2

### Defendant Corporal Brian Mathers

3

4
Mr. Mathers is an officer with the Sausalito Police Department and is sued in his personal and

5
official capacity  for maliciously prosecuting plaintiff during a political protest in Sausalito.

6
Mailing Address: 29 Caledonia Street, Sausalito CA, 94965

7

8
### Defendant Sergeant Thomas Georges

9
Mr. Georges was an officer with the Sausalito Police Department and is sued in his personal and

10
official capacity for choking and falsely arresting plaintiff during a political protest in Sausalito.

11
Mailing Address: 29 Caledonia Street, Sausalito CA, 94965

12

13
### Defendant Corporal Nick White

14
Mr. White an officer with the Sausalito Police Department and is sued in his personal and official

15
capacity for falsely arresting plaintiff during a political protest in Sausalito.

16
Mailing Address: 29 Caledonia Street, Sausalito CA, 94965

17

18
### Defendant Officer Sean Smgalski

19
Mr. Smgalski is an officer with the Sausalito Police Department and is sued in his personal and

20
official capacity for falsely arresting plaintiff during a political protest in Sausalito.

21
Mailing Address: 29 Caledonia Street, Sausalito CA, 94965

22

23
### Defendant Officer Bryce Mitchell

24
Mr. Mitchell is an officer with the Sausalito Police Department and is sued in his personal and

25
official capacity for maliciously prosecuting plaintiff during a political protest in Sausalito.

26

27
Mailing Address: 29 Caledonia Street, Sausalito CA, 94965

28
COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983
§1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS
PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 5

1

2    ## Defendant Officer Davin Rose

3          Mr. Rose is an officer with the Sausalito Police Department and is sued in his personal and official

4    capacity for battering Plaintiff while in retaliation photographing the conduct of officers in a parking lot in Sausalito.

5          Mailing Address: 29 Caledonia Street, Sausalito CA, 94965

6

7    ## Defendant Lieutenant Stacie Gregory

8
          Ms. Gregory is an officer  and currently acting police chief with the Sausalito Police Department
9
     and is sued in his personal and official capacity.
10
          Mailing Address: 29 Caledonia Street, Sausalito CA, 94965
11

12
     ## Defendant Chief John Rohrbacher
13

14          Mr. Rohrbacher is the Chief of Police of the Sausalito Police Department and is sued in his

15   individual and official capacity.

16          Mailing Address: 29 Caledonia Street, Sausalito CA, 94965

17   ## Defendant United States Army Corps of Engineers "USACE"

18          USACE is a federal government entity that negligently permitted Mr. Plisch to be supervisor of

19   the Sausalito USACE debris yard, where Mr. Plisch destroyed many vessels illegally and also used violence against

20   Plaintiff.

21          Mailing Address: 450 Golden Gate Ave 4th floor, San Francisco, CA 94102

22

23
     ## Defendant USACE Supervisor Marty Plisch
24

25          Mr. Plisch is supervisor of the United States Army Corps of Engineers Debris Yard who beat

26   Plaintiff with an oar while Mr. Plisch was illegally destroying a house boat. Mr. Plisch is sued in his individual and

27   official capacity.

28   COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983
     §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS
     PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 6

Mailing Address: 450 Golden Gate Ave 4th floor, San Francisco, CA 94102

## Jurisdiction, Venue, and Intradistrict Assignment

**Jurisdiction:** This Court has subject matter jurisdiction over all federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

**Venue** is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and because a defendant reside in this District.

**Intra-district Assignment:** The events primarily occurred in the Marin County, and therefore should be assigned to the SFO division of this court.

## Statement of Facts

1. Plaintiff has been a political activist outspoken critic of the destruction of people's homes who live on boats in Richardson Bay.

2. In 2018, Defendant City of Sausalito cleared out dozens of people living in boats in Richardson Bay [1]

---

[1] San Francisco Chronicle. Sausalito police warn boaters living in vessels on Richardson Bay of removal. 2018. https://www.sfchronicle.com/bayarea/article/Police-warn-boaters-living-on-their-vessels-in-13360822.php

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMENT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 7

3. Between From May 2019 to July, the Richardson Bay Regional Agency working closely with Marty Plisch and the United States Army Corps of Engineers destroyed 111 boats – many of them people's homes. During the same period, the number of people counted homeless by the County of Marin rose from 2 to 71[2]

4. Plaintiff took a leading role in protests against the government actors that were destroying people's homes on Richardson Bay, including defendants **United States Army Corps of Engineers** and **City of Sausalito.**

5. In December of 2020, **Plaintiff** chained himself to a boat at the **United States Army Corps of Engineers** debris yard. The boat home of Jim Rohrssen that had been seized and was being kept at the **United States Army Corps of Engineers "USACE".** [3]

6. **Plaintiff's** protest lasted three days. **Marty Plisch** who was the acting supervisor of the **USACE** debris yard asked the **Sausalito Police Department** to remove plaintiff, but could not do so because the boat had not been legally impounded. The boat was ultimately released back to its owner.

7. Many other boat dwellers were not so lucky, and in January of 2021 people whose boat homes who had been crushed at the **USACE** debris created a tent encampment in Dunphy Park within the limits of **City of Sausalito.**

---

[2] San Francisco Chronicle. *The $2 million encampment: How a California yacht town became a homeless battleground.* 2022. https://www.sfchronicle.com/bayarea/article/Sausalito-homeless-encampment-17531723.php

[3] Pacific Sun. *Activist Occupies Sailboat in Latest Chapter of Battle for Richardson Bay.* December 2020. https://pacificsun.com/activist-occupies-sailboat-in-latest-chapter-of-battle-for-richardson-bay/

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 8

8. Starting around January of 2021, **Plaintiff** began living at the tent encampment at Dunphy Park as well.

9. **Plaintiff** organized numerous protests at the encampment of houseless people, organized with camper to speak at **City of Sausalito** city council meetings.

10. became the founding president of the Sausalito Homeless Union, which sued the **City of Sausalito** in *Sausalito Homeless Union et al v City of Sausalito 3:21-cv-01143-EMC),* , in which Plaintiff and his fellow campers won a preliminary injunction halting the eviction of the camp.

11. After the lawsuit was filed, **Plaintiff** would be charged by officers of the **Sausalito Police Department** more than a dozen times, and was arrested six times – always while **Plaintiff** was conducting protests, videotaping public officials in public places, and other expressive activities.

12. **Sausalito Police Department** harassed **Plaintiff** to such an extent that **Plaintiff** filed a lawsuit for injunctive relief on March 22nd of 2021 *Powelson v City of Sausalito 3:22-cv-01809-EMC*. Judge Chen ruled that the case be related to *Sausalito Homeless Union et al v City of Sausalito 3:21-cv-01143-EMC)*.

13. Judge Chen dismissed that complaint based on mootness, after the *Sausalito Homeless Union et al v City of Sausalito 3:21-cv-01143-EMC)* was settled. Judge Chen stated that **Plaintiff** could refile for damages for other claims stemming from other alleged misconduct and that it would not be barred by the settlement agreement Case *3:21-cv-01143-EMC*.

# First Cause of Action 28 U.S. Code § 1346  (Negligence) **Against**

# **Marty Plisch, United States Army Corps of Engineers**. (Individual

# and official Capacity)

14. **Marty Plisch** owed a professional standard of conduct to **Plaintiff** as supervisor of **United States Army Corps of Engineers "USACE"** debris yard  when he fell below that standard of care for plaintiff.

15. **Mr. Plisch** fell below that standard of care on March 24th when he beat **Plaintiff** with a paddle when Plaintiff sought to stop the illegal destruction of a house boat at **USACE** debris yard.

16. On March 24th, 2021 **Plaintiff** was notified by Kaitlin Allerton that the home had been seized by Curtis Havel of the Richardson Bay Regional Agency and that it had been taken to **USACE** debris yard.

17. Plaintiff arrived and saw that the house CF 3544 TZ was at the **USACE** debris yard. Plaintiff then left to the homeless encampment at Dunphy Park.

18. Ms. Allerton called and inform **Plaintiff** that neither she nor the family, Diane's late brother Irwin Karasik , did not want the boat to be destroyed.

19. Ms. Allerton gave Plaintiff the phone number of Mr. Karasik.  Mr. Karasik informed Plaintiff emphatically he did not  want the boat destroyed but that he wanted it released to Ms. Allerton and her partner Michael Ortega.

20. **Plaintiff** while at Camp Cormorant was told by Louis Tenwinkle that **Marty Plisch** had just started the destruction of the boat.

21. Plaintiff returned to the USACE Debris Yard and saw **Marty Plisch,** and two other parties Curtis Havel, and James Malcolm, destroying the boat.

22. **Marty Plisch,** Curtis Havel, nor James Malcolm did not have title to the boat, had not impounded the boat, or had taken any legal procedure that would give them lawful permission to destroy it.

23. **Mr. Plisch,** who was in control of the **USACE** debris yard was not following the procedures set out in was not following proper procedures in destroying vessels registered in the state of California  Cal Vehicle Code 9864 and other relevant provisions of Vehicle Code and Harbor Navigation Code by summarily

destroying vessels which **USACE** and those acting in concert with it did not have a title, lien, or any lawful claim upon the boats they were destroying.

24. **Plaintiff** jumped in the water with his kayak and paddled towards the houseboat to stop it from being illegally destroyed by **Mr. Plisch** and those in control of **USACE** debris yard. **Plaintiff** comprehended that **Plisch, USACE,** and those acting in concert with them did not have a lawful claim to destroy the boat.

25. **USACE** Supervisor Marty Plisch walked to **Plaintiff,** shouted expletives at him to "get the fuck off the boat"

26. **Mr. Plisch** grabbed **plaintiff's** paddle and struck him in the stomach with it.

27. **Plaintiff** started videotaping **Mr. Plisch** with his phone. **Mr. Plisch** responded by saying I will knock that "fucking phone out of your hand" and swung the paddle to hit Plaintiffs phone and hand.

28. After wards, **Plaintiff** complained to the police. Ultimately, the Marin County District Attorney filed criminal charges against **Marty Plisch.**

29. **Mr. Plisch's** statement "I will knock that "fucking phone out of your hand" and swung the paddle to hit Plaintiff was retaliation for Plaintiffs use of his video camera to document Mr. Plisch's conduct as a federal officer.

30. **Mr. Plisch's** attacked forced Plaintiff to store his phone and grab the side of the boat.

31. **Mr. Plisch** kicked Plaintiffs kayak violently up and down, grabbing it and shaking the kayak in way that was likely to throw Plaintiff in the water and destroy the contents of his phone.

32. **Mr. Plisch** attack at this point included retaliation against Plaintiff for videotaping the encounter and to destroy evidence on Plaintiffs phone.

33. **Mr. Plisch** and **USACE** had a duty of care not to illegally destroy the boat in violation of the laws of the United States Constitution and laws of the State of California. Furthermore **Mr. Plisch** and **USACE** had a duty of care, while performing the duties of United States, not to seize people's property without due process of law. **Mr. Plisch** seized **Plaintiff's** paddle and then beat him with it.

1

34. **Mr. Plisch** and **USACE** had a duty of care, while performing the duties of United States, not to retaliate

2

against people for videotaping the conduct of federal officers, and to not allow retaliation to occur during

3

the employment of its officers.

4

35. **Mr. Plisch and USACE** breached these duties, by participating in the attempted illegal destruction of the

5

houseboat, then and the beating **Plaintiff** with a paddle when he foiled the unlawful destruction of the

6

houseboat.

7

36. **Plaintiff** sustained physical pain, bruising, and also emotional distress from the battery.

8

37. **Plaintiff** has filed a claim to USACE 28 U.S. Code § 1346 , which has been rejected, and has exhausted

9

administrative remedy.

10

# Second Cause of Action (42 USC § 1983 §1985 4th Amendment) False

11

12

# Arrest (Against **Sergeant Steven Vereios, Lieutenant Stacie Gregory,**

13

# **Captain Bill Fraass, DOES 1-10**, In Individual and Official Capacities)

14

15

38. On or around June, 29th 2021  In early June, **Plaintiff** was leading an expressive demonstration protesting

16

**City of Sausalito** and **Sausalito Police Department** closure of the unhoused encampment at Dunphy Park.

17

39. **Plaintiff** was waving political symbols of political protests, carried a bull horn to communicate during the

18

protest. **Plaintiff** had widely advertised the protest on social and news media.

19

40. **Plaintiff** made public statements in local news media condemning the City of Sausalito "City" for its

20

decision to close Camp Cormorant located near Dunphy Park in Sausalito.

21

41. **Sausalito Police Department** monitored **Plaintiffs** social media, and officers regularly made disparaging

22

remark to **Plaintiff** about posts he made on social media.

23

42. **Plaintiff** sent multiple letters to **City of Sausalito** elected officials requesting to find common ground on

24

issues. **Plaintiff** was ignored, and circulated flyers to conduct a first amendment expressive activities

25

during the closure of the encampment known as "Camp Cormorant".

26

27

28

43. On June 29th, Plaintiff was conducting expressive activities at Camp Cormorant, and was carrying a "Camp Cormorant Flag" a rainbow flag with cormorant on it that had become a symbol of local resistance of campers.

44. **Sergeant Vereios** was becoming combative with an elder of the camp, Daniel Eggink, who was an eighty-year-old man who suffered from dementia who was living at the camp.

45. Eggink was walking away from **Vereios**, who was walking closely towards in aggressive manner while Eggink tried to get away, causing both **Vereios** and Eggink to become increasingly agitated.

46. **Plaintiff** was concerned that **Sergeant Vereios** and Eggink would escalate the situation, and so Plaintiff got between Eggink and **Vereios** with arms stretched out, as Eggink was walking away.

47. **Plaintiff** was walking back with Mr. Eggink, arms stretched out. **Lieutenant Gregory, Captain Fraass and Sergeant Vereios**, advanced.

48. **Sergeant Vereios** without warning arrested **Plaintiff**, and charged **Plaintiff** with a litany of crimes, obstruction, inciting a riot, and illegal camping.

49. **Sergeant Vereios** after arresting **Plaintiff** ceased to pursue Mr. Eggink. Nobody but **Plaintiff** would be arrested for the entire span of the protest.

50. **Plaintiff** was arrested without probable cause. **Sergeant Vereios** did not give an order to disperse to the protesters, and did not give three warnings to disperse as required by PC 409. **Plaintiff** was not performing any type of "camping". **Plaintiff** had not obstructed any legitimate police function, investigation, or detention. The arrest and charges were not connected to reality. The charges, such as inciting a riot and illegal camping, had no factual nexus to the arrest.

51. Charges were never pursued against **Plaintiff** by the Marin District Attorneys Office, and there are no charges pending in State Court related to the arrest.

52. **Plaintiff** was taken to salliport of the **City of Sausalito Police Department** HQ, where another officer **Sergeant Georges,** whom **Plaintiff** had never before met, stepped up to the police vehicle and called **Plaintiff** "a disgusting human being"

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMENT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 13

53. **Sergeant Vereios** had also called Powelson an "asshole" "jerk" "nuisance" in encounters before and had regularly derided Powelson's first amendment activities in Sausalito protesting the City's treatment of the homeless and people living on boats.

54. **Lieutenant Gregory** and **Captain Bill Fraass** were **Sergeant Vereios** direct supervisors, and witnessed his unlawful act, and abetted it.

# Third Cause Of Action (42 USC § 1983 §1985) First Amendment

# Retaliation (**Against Steven Vereios, Stacie Gregory, Bill Fraass**

# **Individual and Official Capacities)**

55. **Plaintiff** reincorporates by reference all the foregoing as if fully set herein

56. **Sergeant Vereios** and **Lieutenant Gregory** had regularly derided Powelson's First Amendment activities, speaking out in the press, organizing protests, suing the City in the case *Sausalito Homeless Union v City of Sausalito et al.*

57. No other person was arrested during the protest except for **Plaintiff**

58. **Plaintiff** was performing expressive activities, and had an outspoken and publicized roles in organizing the expressive conduct.

59. **Plaintiff** was arrested and transported to the County Jail, and was prevented from participating in much of the expressive activities that took place that day, and

# Fourth Cause of Action (42 USC § 1983 § 1985) 4th Amendment

# Malicious Prosecution] ( **Against Defendants Brian Mather and**

# **Bryce Mitchell]**

60. Plaintiff Reincorporates all the preceding and foregoing paragraphs as if full set herein.

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 14

61. After the closure of Camp Cormorant, campers were corralled into Marinship Park.

62. During the rainy season, Marinship Park flooded. People began to get sick and complain of the smell of sewage. **Plaintiff** contracted with Brelje Labs to do a water sample of ground water, and the lab sample tested positive for dangerous levels of fecal matter and the bacteria enterococcus.

63. **Plaintiff** reported this to **City of Sausalito** city manager Chris Zapata, urging him to evacuate the camp into hotels. Mr. Zapata and the City of Sausalito refused to do so. Starting around November 15th, Plaintiff, Tim Logan, and Jeffrey Chase began protesting dangerous conditions at Camp Cormorant being ignored by the City of Sausalito by sleeping in tents in public places outside of Camp Cormorant.

64. On November 15th, Plaintiff was sleeping in his tent at Dunphy Park as part of the protest. **Officer Mathers** and **Bryce Mitchell** arrived. Officer Mathers informed Plaintiff that they would prosecute him for illegal camping, and sent charges to the Marin DA which would not be prosecuted.

65. In the morning, **Sausalito PD** posted notices on **Plaintiff's** tent, notifying the campers that the tents would be removed in 72 hours under Sausalito Municipal Code.

66. **Plaintiff** and campers spoke with journalists in the morning, and stayed another few nights until Plaintiff, Jeff Chase, Tim Logan, and Holly Wild moved to Robyn Sweeny Park. Around November 19th, the City of Sausalito sent out a press release announcing they would be moving Camp Cormorant to the tennis courts to get them off of sewer contaminated soil.

67. Around November 20th, **Plaintiff** was at Robyn Sweeny Park were again posted 72-hour notices to vacate. Around November 22nd, Plaintiff Jeff Chase, Tim Logan, and Holly Wild moved to a park in downtown Sausalito. On November 22nd, **Officers Mathers** and **Mitchell** again arrived to interrogate the camper. Officer Mather informed plaintiff that he would now be charged with an infraction.

68. **Officer Mathers** instructed his subordinate **Mitchell** to write an infraction ticket. This was done largely because the allegations Mathers had made before lacked probable cause of a crime that the DA refused to prosecute. By making the charge an infraction, **Officer Mathers** circumvented the District Attorney to get charges against **Plaintiff.**

69. **Mathers** and **Mitchell** hoped by making it an infraction, the charge would go through. Officer Mathers, who had called plaintiff and "asshole" and a "jerk" because of his first amendment activities was

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346 FOR NEGLIGENCE - 15

1    substantially motivated by his animus against Plaintiff. Plaintiff would ultimately not be found guilty of the

2    charges.

## Fifth Cause of Cause of Action (42 USC §1983 §1985) First Amendment Retaliation (Against Defendants Brian Mathers and Bryce Mitchell]

70. On November 22nd, 2021 **Officers Mathers** and **Mitchell** prosecuted **Plaintiff** while he was performing First Amendment protected activities.

71. The charges brought were in a direct response to Plaintiffs first Amendment Activities, and terminated in Plaintiffs favor.

72. **Officer Mathers**, the supervisor, had expressed his disdain for **Plaintiffs** first amendment activities, saying in February of 2021 that **plaintiff** "was a jerk" and an "asshole".

73. As a result of the tickets, **Plaintiff** was substantially hindered plaintiff's ability to continue first amendment activities, because it became unsafe and burdensome to do camping protests.

74. Other people who camped in Sausalito around that time were not given tickets in similar circumstances, but that did not include political activities.

## Sixth Cause of Action (42 USC § 1983 §1985) 4th Amendment Unlawful Seizure, False Arrest, and Excessive Force (Against Thomas Georges, Nick White, Sean Smgalski]

75. Plaintiff reincorporates the preceding paragraphs as if fully set herein

76. After **Officers Mathers** and **Mitchell** issued their citations, **Plaintiff** remained with Tim Logan, Jeff Chase, and Holly Wild. Plaintiff and the others had protest signs and were informing the public about the sewage contamination at the Marinship Encampment.

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346 FOR NEGLIGENCE - 16

77. Under Sausalito Policy, encampment needed to be given 72 hour's notice before clearing. At all of the other protest campsites, campers received 72 hours to collect their belongings.

78. In spite of their official policy, **Officer Georges, White**, and **Smgalski** arrived in the later morning to seize the tents, blankets, in violation of Sausalito's 72-hour policy. When campers asked to get their belongings so they could move elsewhere, the cops refused to release the property.

79. The officers did not have probable cause to take the tents, because Sausalito policy was to post for 72 hours before abating a camp.

80. One camper, Holly Wild was distraught because police had seized her albuterol inhaler she need for a chronic respiratory illness, that without she could die. **Officer Georges, White, and Smgalski** refused to release her tent and medication to her.

81. Police ignored her pleas and continued to confiscate property, and refused to release any property. Plaintiff dried to deescalate the situation, moving towards Holly Wild to try to coax her to let go of the tent she was struggling with **Nick White** and avoid her being arrested and to convince the **Officers** to release her property to her.

82. Without warning, **Officer White** arrested **Plaintiff**, and **Officer Georges** grabbed Plaintiffs throat while **Officer White** applied handcuffs. **Sean Smgalski** also grasped plaintiff.

83. **Plaintiff** was not resisting even though the **officers** did not have probable cause to arrest **Plaintiff**.

84. **Plaintiff** was arrested, as well as Ms. Wild and brought to Marin County Jail, and were picked up by **Plaintiffs** dad and brought back to Sausalito.

85. **Officer Georges and Officer White** had called both called **Plaintiff** a "disgusting person" for his role in protests in the past. **Officer Georges** had even called **Plaintiff** a "horrible human being" to **Plaintiffs** father.

86. Because **Sergeant Georges, Officer White, and Smgalski** had unreasonably seized Ms. Wilds albuterol inhaler, she had a medical emergency that same night. **Plaintiff** drove Ms. Wild to the Marin County Emergency room due to complications caused by her lack of her albuterol inhaler seized by **Officers White, Smgalski, and Georges.**

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346 FOR NEGLIGENCE - 17

87. The entire raid on the camp was unreasonable because it violated **City of Sausalito** policy, and the law enforcement did not give advance notice of their decision to unilaterally seize everyone's belongings, even vital lifesaving medication for Ms. Wild.

88. Because of their reckless behavior, an elder woman had her medication taken from her unlawfully, and **Plaintiff** was choked and arrested for trying to reason with officers without any probable cause that a crime was committed.

89. The Marin District Attorney never pressed charges from the incident.

# Seventh Cause of Action (42 USC § 1983 §1985) First Amendment Retaliation (Against Thomas Georges, Sean Smgalski, Nick White, Bryce Mitchell, Brian Mathers, DOES 1-10)

90. Plaintiff reincorporates the preceding paragraphs as if fully set herein.

91. At all times on November 22nd, **Plaintiff** was engaging in a peaceful protest to redress grievances against City of Sausalito regarding sewage contamination at Camp Cormorant. **Plaintiff** was educating the public, and prominently displaying protest signs at the park. Tim Logan, Jeff Chase, and Holly Wild were all unhoused, and living at the encampment. **Defendant officers** violated **City of Sausalito** policy by clearing the camp without 72 hours' notice.

92. As part of their unlawful closure, under the direct Supervision of **Sergeant Georges** the Officers arrested Plaintiff and that would never be prosecuted by the Marin DA.

93. As a result of **Defendants** aggressive actions, **Plaintiff** conducted no more protests of this nature because of the danger of police violence.

94. **Defendant Officers** would not have arrested Plaintiff if not for his participation in the protected activity.

# Eighth Cause of Action (42 USC § 1983) First Amendment Retaliation

# (Against Davin Rose)

95.  Plaintiff reincorporates the preceding paragraphs as if fully set forthwith

96.  On March 15th, 2022 Plaintiff was documenting a raid on Camp Cormorant, where police were seizing the tents, possessions, and vehicles of unhoused people living there.

97.  Plaintiff was video recording the seizure of people's belongings and tents, and documenting for ongoing litigation against the City of Sausalito.

98.  Officer Mathers, who had repeatedly expressed his disdain at Plaintiffs social activism at the camp. Officer Mather and Cecillia both saw the Plaintiff had 15 parking tickets he was disputing with the City of Sausalito. Plaintiff had disputed each parking ticket as harassment  , and Defendants Elliott Holt had ignored all of Plaintiffs appeals.

99.  Officer Mathers and Cecillia, knowing that Plaintiff was still in the process of appealing, nevertheless used the tickets as a pretext to tow Plaintiffs car and force him out of the camp so he could not record their conduct. Officer Mathers called an impound, and Cecillia began impound procedures by fillings out a form for the impound and leaving it on the dash of her patrol vehicle.

100. Plaintiff walked over to record the documents that were in public view, that were pertaining to the towing his truck. While Plaintiff was about to raise his phone to take a picture of the documents in plain view, in the public parking lot, Plaintiff was attacked by Detective Davin Rose who was on the scene. Detective Rose shoved plaintiff at a running pace, nearly throwing Plaintiff to the ground.

101. Plaintiff was unable to record, and was blocked off by Detective Rose, of photographing public officers conduct and things in public view. Davin Rose would declare in writing that he explicitly shoved Plaintiff to prevent him from photographing the documents, that were in public view within a public parking lot.

# Ninth Cause of Action (42 USC § 1983) 4th Amendment Excessive Force

# (Against Davin Rose)

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 19

102. Plaintiff reincorporates the preceding paragraphs as if fully set herein

103. Detective Davin Rose explicitly attacked Plaintiff because to prevent public photography, stating in a sworn declaration in *Powelson v City of Sausalito 3:22-CV-01809-EMC* that he had attacked plaintiff to stop him from videotaping documents in public view.

104. **Detective Rose** attacked **Plaintiff** without any probable cause that a crime was committed. No charges were filed against **Plaintiff** because there was no probable cause to do so.

105. There was no justification for **Detective Rose's** attack, which could have resulted in grievous injury if **Plaintiff** had lost his footing.

106. **Plaintiff** had to retreat back to his vehicle, and could no longer video tape officer conduct due to the threat of police violence.

## Prayer For Relief

a.  A Declaratory judgement that the actions complained in the complaint violated Plaintiffs clearly established constitutional rights.

b.  An Award of compensatory damages

c.  Punitive damages in an amount decided at trial against the following defendants in their official and individual capacity for their individual acts.

d.  Compensatory damages in an amount decided at trial.

e.  Attorney Fees

f.  Such other relief that this Court may deem just, proper, and appropriate.

## Verification

I Robbie Powelson am the plaintiff in the above case an present this pleadings respectfully to the court.

COMPLAINT FOR DECLARATORY AND COMPENSATORY RELIEF VIOLATIONS UNDER 42 USC § 1983 §1985 FOR FIRST AMENDMANT RETALIATION, FALSE ARREST, EXCESSIVE FORCE, AND MALICOUS PROSECUTIONVIOLATIONS UNDER 28 U.S. CODE § 1346  FOR NEGLIGENCE - 20