UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE POWELSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SAUSALITO POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No.  23-cv-01360-EMC  (SK)<br><br>**ORDER DENYING ISSUANCE OF SUBPEONA**<br><br>Regarding Docket No. 89 |

Plaintiff seeks to issue a subpoena to the Marin County District Attorney's Office for information regarding Defendant Officer Nick White's alleged inclusion on a "*Brady* list" identifying him as having credibility issues. Plaintiff claims that White's inclusion on the list stems from White allegedly committing perjury in a criminal trial against his ex-girlfriend. Plaintiff argues that this information is relevant to White's credibility as a witness in this action.

**A.  Background**

Plaintiff obtained a letter, dated July 12, 2016, addressed to White, from the Marin County District Attorney's Office.  That letter states in pertinent part:

> Our office is required by law to disclose to a defendant and/or his/her attorney of record any information we have in our possession concerning a witness who is on probation and/or which may possibly fall within the scope of Brady v. Maryland (1963) 373 U.S. 82[1], and/or People v. Coyer (1983) 142 Cal.App.3d 939[2], and the provisions of [California] Penal Code Section 1054.
>
> As we have previously discussed, the Marin County District Attorney's Office's Brady Committee has met and made a determination that Mill Valley Police Department report numbers 13-860 and 16-93 contain information that must be

---

[1] This citation is incorrect.  The correct citation is 373 U.S. 83.
[2] This citation is also incorrect.  The correct citation is 142 Cal.App.3d 839.

provided in future cases in which you are a witness. . . .

(Dkt. No. 89 (Ex. A).)

California Penal Code section 1054 provides:

This chapter shall be interpreted to give effect to all of the following purposes:

(a) To promote the ascertainment of truth in trials by requiring timely pretrial discovery.
(b) To save court time by requiring that discovery be conducted informally between and among the parties before judicial enforcement is requested.
(c) To save court time in trial and avoid the necessity for frequent interruptions and postponements.
(d) To protect victims and witnesses from danger, harassment, and undue delay of the proceedings.
(e) To provide that no discovery shall occur in criminal cases except as provided by this chapter, other express statutory provisions, or as mandated by the Constitution of the United States.

Cal. Pen. Code § 1054.

Plaintiff also attaches an article, originally published on March 28, 2017, about a trial in which White accused his ex-girlfriend of misdemeanor corporal injury on a dating partner in January 2016. (Dkt. No. 89 (Ex. B).) The article states that the jury acquitted the defendant and that at least one juror found that White was not credible. (*Id*.)

**B.     Analysis**

Defendants argue that Plaintiff's request is overbroad and disproportionate to the needs of the case because the request seeks all documents related to *Brady* determinations without "temporal or subject-matter limits." Defendants also argue that California law protects these documents and that federal courts apply a balancing test to requests for information concerning police disciplinary records. *See*, *e.g*., *Kelly v. City of San Jose*, 114 F.R.D. 653, 663-68 (N.D. Cal. 1987).

Plaintiff seems to believe that he can use information about White's alleged lies during trial arising out of a domestic violence incident in 2016 to show that White lacks credibility in this case. However, Plaintiff cannot use information at trial from a previous unrelated disciplinary action involving White, if one exists, to show that White is lying on the stand in this case. Impeachment of a witness can occur only in certain ways, and using a disciplinary action

2

involving an allegation of lies is not one of those ways. Federal Rule of Evidence 404(b) provides that evidence "of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). There is an exception to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Here, Plaintiff fails to satisfy any exception.

Courts have held that evidence of a defendant's wrongdoing unrelated to the case at hand is not subject to discovery. *See*, *e.g.*, *Brownlee v. Burnes*, 2024 WL 4957495, at *2-3 (E.D. Cal. Dec. 3, 2024) (finding requested records irrelevant, overbroad, overly burdensome, and not proportional to the needs of this case where plaintiff did not limit the request based on time frame, nature of the grievance allegations, or the outcome of the grievance); *see also Mueller v. Walker*, 124 F.R.D. 654, 658 (D. Or. 1989) (denying discovery in excessive force case "as to violations of regulations or procedures unrelated to incidents of violence or complaints of police brutality"). Here, Plaintiff alleges that White lied on the stand in a case involving an alleged domestic violence incident with his ex-girlfriend. In this suit, Plaintiff alleges claims under 42 U.S.C. § 1983 against White based on actions taken on November 22, 2021 for unlawful seizure, false arrest, violation of due process, and First Amendment retaliation arising out of White's and other officers' actions in removing Plaintiff's belongings from an encampment.[3] (Dkt. No. 40.) These incidents are completely unrelated.

The scope of disclosure under *Brady* and *Coyer* is very different from the scope of discovery in civil cases. *Brady* stands for the proposition that the due process clause of the United States Constitution requires the prosecution to disclose exculpatory material to a criminal defendant. 373 U.S. at 86. *Coyer* stands for the proposition that "a defendant is entitled to discovery of criminal charges currently pending against prosecution witnesses anywhere in the state." 142 Cal.App.3d at 842. These cases relate to the rights of criminal defendants. They do

---

[3] It is not entirely clear which claims against White survived the order granting in part and denying in part Defendants' motion to dismiss, but for purposes of this discussion, the exact scope is not important.

1  not bear on the situation at bar—a civil plaintiff's request for discovery.

2  For these reasons, the Court DENIES Plaintiff's request.

3  **IT IS SO ORDERED**.

4  Dated: August 6, 2025



SALLIE KIM
United States Magistrate Judge